[No. 43941.    En Banc.    August 5, 1976.]

D. E. PETERS, ET AL, *Appellants,* v. J. LAEL SIMMONS, *Respondent.*

Casey, Pruzan, Kovarik & Shulkin, by David G. Shenton, for appellants.

Phil McIntosh, for respondent.

WRIGHT, J.—This is an appeal by plaintiffs from an order of the King County Superior Court dismissing their action for alleged malpractice against defendant, an attorney, on the basis that it was barred by the statute of limitations.

The issues dispositive of this appeal are: (1) Has this court acquired jurisdiction to entertain the instant appeal? (2) Does the statute of limitations for legal malpractice commence to run when the client discovers or, in the exercise of reasonable diligence, should have discovered that he or she had suffered an injury?

On May 19, 1969, plaintiffs sold their business, the Mercer Island Taxi Company, to Bellevue Enterprises, Inc. The purchase agreement drafted for them by defendant, an attorney, failed to include a guaranty clause or signature line for the signature of John Fisk, president of Bellevue Enterprises, Inc., as guarantor of the purchaser's obligation. Subsequently, Bellevue Enterprises, Inc., failed to make the required payments under the purchase agreement and defaulted.

On January 14, 1971, defendant filed an action entitled "Peters v. Bellevue Enterprises, Inc. and John Fisk" as a result of the default on the purchase agreement. On November 11, 1972, defendant withdrew as plaintiffs' counsel and consented to the substitution of other counsel. The cause of action was dismissed. Plaintiffs' substituted counsel, who represents them on this appeal, then commenced another action entitled "Peters v. Fisk." On June 19, 1974, the court dismissed this action. The court found that, dur-

ing the May 19, 1969, meeting, at which the purchase agreement was executed by the plaintiffs and by Fisk, defendant failed to inform either Fisk or the purchaser's attorney that Fisk's signature as a guarantor was required on the purchase agreement.

On July 17, 1974, plaintiffs filed the instant action against defendant for damages in the sum of $32,366.74, plus interest. The complaint for damages alleged that defendant had negligently drafted the purchase agreement. Defendant raised in his answer the affirmative defense that plaintiffs' action was barred by the 3-year statute of limitations, RCW 4.16.080,[1] because the negligent act upon which the complaint was based occurred on May 19, 1969. Defendant's motion for summary judgment of dismissal was granted on December 18, 1974, on the ground that the plaintiffs' action was barred by the statute of limitations.

Plaintiffs timely filed an appeal in the Court of Appeals from the order granting summary judgment of dismissal. On March 11, 1975, the superior court entered an amended order granting defendant's motion for summary judgment of dismissal. No appeal was taken from this order. The order was amended to reflect the fact that the superior court had taken into consideration plaintiffs' and defendant's briefs regarding the motion for summary judgment of dismissal and an affidavit of Delmer E. Peters. The affidavit verified the facts recited in the first three pages of plaintiffs' brief.

■ With respect to the first issue, defendant contends that (1) this court lacks jurisdiction to entertain the appeal because no notice of appeal was filed from the order of March 11, 1975, which is the judgment appealed from; and (2) the appeal properly should be dismissed as premature because it was filed before entry of final judgment.

CAROA 33 provides, in part:

(1) In civil actions appealable to the court of appeals,

---

[1] RCW 4.16.080(3) requires that an action must be brought within 3 years "upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument".

in order for the court of appeals to obtain jurisdiction of the cause, a written notice of appeal, together with a copy of the same, must be filed with, . . . the clerk of the superior court within 30 days after entry of the order, judgment, or decree from which the appeal is taken . . .

CAROA 2(f) defines the term "judgment" to mean "any judgment, order or decree from which an appeal lies." RCW 4.56.010 sheds additional light on the meaning of the term "judgment." It provides that a "judgment is the final determination of the rights of the parties in the action."

The term "judgment" is to be distinguished from the term "order." *Nestegard v. Investment Exch. Corp.*, 5 Wn. App. 618, 623, 489 P.2d 1142 (1971). Although the court rules do not define the latter term, RCW 4.56.020 defines the term to mean:

Every direction of a court or judge, made or entered in writing, not included in a judgment, is denominated an order.

The judgment from which the appeal was taken, which was entered on December 18, 1974, is entitled "Order Granting Defendant's Motion for Summary Judgment of Dismissal." The amended order from which no appeal was taken, which was entered on March 11, 1975, is entitled "Amended Order Granting Defendant's Order for Summary Judgment of Dismissal." The only purpose served by the amended order was to provide a statement of record that the trial court had considered, prior to entry of the original judgment, an affidavit, and the briefs supporting or opposing the motion for summary judgment of dismissal. The amended order was not a final judgment, but merely a subsidiary order because it did not constitute a *determination* of the rights of the parties in the action. *See Nestegard v. Investment Exch. Corp.*, *supra* at 623-25. The appeal was not prematurely filed because the rights of the parties were finally determined by the order granting defendant's motion for summary judgment entered on December 18, 1974.

With respect to the primary issue, the plaintiffs contend that the court should adopt the rule that the 3-year statute

of limitations, RCW 4.16.080 (3), does not begin to run until the facts have been discovered, or, in the exercise of reasonable diligence, should have been discovered. During oral argument, defendant agreed with the court that the failure of an attorney to properly perform legal services contracted for may constitute a breach of contract. The defendant also agreed that the failure to act as a reasonably prudent, diligent attorney in light of the standards of his or her profession may give rise to an action for negligence. The crux of defendant's argument, then, is simply that the statute of limitations begins to run on the date of the alleged act of malpractice.

This issue was last considered in *Busk v. Flanders*, 2 Wn. App. 526, 468 P.2d 695 (1970). The *Busk* case adhered to prior Washington law which had adopted the traditional view that a malpractice suit is based on a breach of contract and that the statute of limitations begins to run from the time of the breach and not from the date of its discovery. *Schirmer v. Nethercutt*, 157 Wash. 172, 179-80, 288 P. 265 (1930); *Cornell v. Edsen*, 78 Wash. 662, 664-65, 139 P. 602 (1914).

This rather narrow and mechanistic viewpoint appears to have been engendered in part by the fact that the relation between an attorney and a client arises out of a contract. The analytical shortcoming of such a desire to categorize causes of action manifests itself most clearly in an action for legal malpractice. As conceded by defendant, an action for legal malpractice may be framed conceptually either as a tort or a breach of contract. *Neel v. Magana, Olney, Levy, Cathcart & Gelfand*, 6 Cal. 3d 176, 491 P.2d 421, 98 Cal. Rptr. 837 (1971). The failure to exercise the requisite skill, care, and diligence necessary to the proper rendition of legal services may give rise to an action for breach of contract. Similarly, it may constitute a tort.

■ The discovery rule, *i.e.*, when a client discovers or in the exercise of reasonable diligence should have discovered an injury, has been extended in Washington and applied to a variety of actions for professional malpractice.

The rule has been extended to physicians[2] and surveyors.[3] Recently in *Gazija v. Nicholas Jerns Co.*, 86 Wn.2d 215, 543 P.2d 338 (1975), the discovery rule was extended to insurance agents. The *Gazija* case noted that the rule has similarly been extended in various jurisdictions to accountants,[4] architects,[5] and most significantly to attorneys. *Neel v. Magana, Olney, Levy, Cathcart & Gelfand, supra*; *Edwards v. Ford*, 279 So. 2d 851 (Fla. 1973); *Hendrickson v. Sears*, 365 Mass. 83, 310 N.E.2d 131 (1974). The primary reason for extending and applying the rule is because the consumer of professional services frequently does not have the means or ability to discover professional malpractice. It is apparent, then, that the statute of limitations in RCW 4.16.080(3) was not designed to compel, by the initiation of a lawsuit, the exercise of a right not discovered, or in the exercise of reasonable diligence, not discoverable within the time frame specified in the limitations statute. *See Janisch v. Mullins*, 1 Wn. App. 393, 399, 461 P.2d 895 (1969).

The resolution of the issue presented in the instant case does not lend itself to the task of simply counting the number of days that have passed since an alleged injurious act occurred. Rather, as noted in *Gazija*, whether or not to extend the discovery rule is a matter of judicial policy—the resolution of which turns, in part, upon the need, as expressed by the legislature, to bar stale claims. But this legislative policy must be balanced against the unfairness of cutting off valid claims under circumstances which constitute an avoidable injustice. There are additional compelling reasons for adopting the rule where legal malpractice is involved as exist in the case of other professional malpractice. Not to adopt the rule would be inconsistent with its application to other professions such as physicians, insurance agents, and surveyors. As with other professions,

---

[2]*Ruth v. Dight*, 75 Wn.2d 660, 453 P.2d 631 (1969).

[3]*Kundahl v. Barnett*, 5 Wn. App. 227, 486 P.2d 1164 (1971).

[4]*Moonie v. Lynch*, 256 Cal. App. 2d 361, 64 Cal. Rptr. 55 (1967).

[5]*Steel Workers Holding Co. v. Menefee*, 255 Md. 440, 258 A.2d 177 (1969).

the application of the occurrence rule ignores the fact that ultimately the client has little choice but to rely on the skill, expertise, and diligence of counsel.

In view of these considerations, we hold that the statute of limitations for legal malpractice should not start to run until the client discovers, or in the exercise of reasonable diligence should have discovered the facts which give rise to his or her cause of action.

The judgment of the trial court is reversed and the cause of action is remanded for a trial consistent with this opinion. It is so ordered.

STAFFORD, C.J., and ROSELLINI, HUNTER, HAMILTON, UTTER, BRACHTENBACH, and HOROWITZ, JJ., concur.