[No. 4137–1. Division One. May 23, 1977.]

BONNIE JEAN HERMANN, *Appellant*, v. MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., ET AL, *Respondents.*

LORENA HERMANN, *Appellant*, v. MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., ET AL, *Respondents.*

*Searle & Brosey* and *J. D. Searle,* for appellants.

*Bogle & Gates* and *Dale B. Ramerman,* for respondents.

SWANSON, J.—Lorena Hermann and her daughter Bonnie Jean Hermann sued their stockbroker Frank Wagner and wife, and his employer Merrill Lynch, Pierce, Fenner & Smith, Inc. (Merrill Lynch), to recover money damages for alleged negligence in the handling of their stock portfolios.[1] In addition to negligence, plaintiff Bonnie Jean Hermann claims she was entitled to damages from the defendants for alleged excessive trading of stock in her account. The defendants Wagner and Merrill Lynch denied any negligence or excessive trading, and asserted that they did no more than advise the plaintiffs as to their accounts. In addition, the defendants claim that the Hermanns are estopped by their own action or inaction from maintaining any claim for damages.

At trial, the court granted defendants' motion in limine which, in effect, restricted the presentation of plaintiffs' proof to a period of 3 years prior to commencement of the actual trial.[2] The jury returned a defense verdict as to

---

[1] Plaintiffs Lorena Hermann and Bonnie Jean Hermann commenced separate actions which were consolidated for trial. Lorena Hermann became incompetent prior to trial, and a guardian ad litem was appointed to represent her.

[2] Although the concept of motions in limine prior to trial is foreign to the common law, 94 A.L.R.2d 1087 (2d ed. 1964), such a motion serves a useful purpose and is discretionary with the trial court. *Fenimore v. Donald M. Drake Constr. Co.,* 87 Wn.2d 85, 549 P.2d 483 (1976); *Reiboldt v. Bedient,* 17 Wn. App. 339, 562 P.2d 991 (1977). In order to preserve any claim of error based upon granting a motion in limine excluding evidence, plaintiff must describe the evidence excluded with sufficient specificity to permit a reviewing court to determine the prejudice caused by the exclusion of such evidence. Our Supreme Court in *Sutton v. Mathews,* 41 Wn.2d 64, 247 P.2d 556 (1952), stated at page 67,

> An offer of proof must be sufficiently definite and comprehensive fairly to advise the trial court whether or not the proposed evidence is admissible. . . . An additional purpose of such an offer of proof is to inform the appellate court whether appellant was prejudiced by the exclusion of the evidence.

Lorena Hermann's claim for damages but awarded Bonnie Jean Hermann $4,121. Plaintiffs' motion for new trial was denied, and this appeal by both plaintiffs followed entry of the judgment on the verdicts.

Plaintiffs' primary claim of error is directed to the trial court's order granting defendants' motion in limine. They agree that RCW 4.16.080(2) and (3), the 3–year statute of limitations, applies to their causes of action, but contend that the statute is tolled and does not begin to run on the date of the alleged wrongdoing but, rather, commences (1) on the date such wrongdoing is discovered or (2) when, in the exercise of reasonable diligence, the plaintiffs should have discovered the facts which gave rise to their cause of action or (3) on the date the relationship between the parties was terminated. This last alternative is premised on the fact that the relationship between the parties was a continuing one.[3] Plaintiffs contend that the trial court erroneously followed the reasoning of the attorney malpractice cases which, until quite recently, consistently held that such actions are based on breach of contract and governed by the 3–year statute of limitations. *Schirmer v. Nethercutt*, 157 Wash. 172, 288 P. 265 (1930); *Smith v. Berkey*, 134 Wash. 348, 235 P. 793 (1925); *Jones v. Gregory*, 125 Wash. 46, 215 P. 63 (1923); *Cornell v. Edsen*, 78 Wash. 662, 139 P. 602 (1914); *Isham v. Parker*, 3 Wash. 755, 29 P. 835 (1892); *Busk v. Flanders*, 2 Wn. App. 526, 468 P.2d 695 (1970). We stated in *Busk v. Flanders, supra* at 531:

(Citations omitted.) *Accord, Cowan v. Chicago, M. St. P. & P. R.R.*, 55 Wn.2d 615, 349 P.2d 218 (1960); *Fenimore v. Donald M. Drake Constr. Co., supra.*

In the instant case, plaintiffs made no formal offer of proof but claimed, during the course of argument of resisting defendants' motion in limine, that it was necessary to present evidence of stock purchases and sales at least 5 years prior to the commencement of the action. Neither party to this appeal discussed the adequacy of plaintiffs' description of the evidence excluded; however, we observe that a more comprehensive offer of proof detailing in some specificity what evidence they would have presented if permitted to go beyond the 3–year period, would better enable us to review the question of prejudice to the plaintiffs by the exclusion of such evidence.

[3]RCW 4.16.080(2) and (3) states:
"Actions limited to three years. Within three years:

Regardless of whether the basis for the claimed malpractice is a breach of a contractual relationship so that the applicable statute of limitations is RCW 4.16.080(3) as was determined by the trial court, or that the wrong complained of is negligence so that the statute to be applied is RCW 4.16.080(2), the cause of action is governed by a 3-year statute of limitations.

(Footnotes omitted.)

█ In *Peters v. Simmons*, 87 Wn.2d 400, 552 P.2d 1053 (1976), our Supreme Court reexamined the rules relative to lawyer malpractice suits and concluded that no reasonable basis exists for refusing to apply the "discovery rule" to lawyer malpractice litigation. In commenting upon the traditional view that a malpractice suit is based upon a breach of contract so that the statute of limitations begins to run from the time of the breach and not from the date of its discovery, the court stated at page 404,

This rather narrow and mechanistic viewpoint appears to have been engendered in part by the fact that the relation between an attorney and a client arises out of a contract. The analytical shortcoming of such a desire to categorize causes of action manifests itself most clearly in an action for legal malpractice. As conceded by defendant, an action for legal malpractice may be framed conceptually either as a tort or a breach of contract. . . . The failure to exercise the requisite skill, care, and diligence necessary to the proper rendition of legal services may give rise to an action for breach of contract. Similarly, it may constitute a tort.

(Citations omitted.) The court then observed that the discovery rule has been applied to a variety of actions for professional malpractice including actions against physicians, *Ruth v. Dight*, 75 Wn.2d 660, 453 P.2d 631 (1969); surveyors, *Kundahl v. Barnett*, 5 Wn. App. 227, 486 P.2d 1164 (1971); accountants, *Moonie v. Lynch*, 256 Cal. App. 2d

"...

"(2) An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated;

"(3) An action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument;"

361, 64 Cal. Rptr. 55 (1967); architects, *Steelworkers Holding Co. v. Menefee,* 255 Md. 440, 258 A.2d 177 (1969); and recently to insurance agents, *Gazija v. Nicholas Jerns Co.,* 86 Wn.2d 215, 543 P.2d 338 (1975). We see no sound reason for excluding a stockbroker or account executive from the application of the discovery rule in the same manner in which the rule has been applied as a matter of judicial policy to other actions for professional malpractice.[4]

It was therefore error to grant defendants' pretrial motion in limine, excluding proof of all alleged wrongdoing prior to September 5, 1970. The determination of the exact date that the plaintiffs discovered the defendants' wrongdoing, or in the exercise of reasonable care should have discovered such wrongdoing, is a factual question for determination by the jury and, likewise, if there is evidence to support plaintiffs' claim that the relationship was a continuing one so that the statute is tolled until the relationship is terminated, is also a factual question to be submitted to the jury on proper instructions.

While the statement of the discovery rule is simple enough, its application to the facts and circumstances of the instant case may pose some troublesome problems. The discovery of wrongdoing as to the purchase of some stock or the sale of other stock may not have occurred at the same time, which will leave to the jury the task of segregating the items of damage that fall within the period permitted by the statute of limitations. However, the claimed damage for the 3-year period prior to the commencement of the action has already been litigated and need not be retried.

---

[4]Although this court is unaware of any decision in which the so-called "discovery rule" has been applied to factual situations identical to those presented on this appeal, the rule is universally adopted by the federal court bench in dealing with securities violations under the Securities Exchange Act, 15 U.S.C. § 78(a) (1971). *See, e.g., Schaefer v. First Nat'l Bank,* 509 F.2d 1287 (7th Cir. 1975); *Josef's of Palm Beach, Inc. v. Southern Inv. Co.,* 349 F. Supp. 1057 (S.D. Fla. 1972); *Batchelor v. Legg & Co.,* 52 F.R.D. 553 (D. Md. 1971).

Turning now to plaintiffs' remaining assignments of error, we find, in light of our present resolution of the primary issue, that none is of sufficient substance to merit extended comment. From the record before us we find that plaintiffs failed properly to except to the inclusion in instruction No. 6 of defendants' contention that plaintiffs are barred or estopped by their own actions or inactions from maintaining this suit. As a result, we will not review the claimed error for the first time on appeal. *Haslund v. Seattle,* 86 Wn.2d 607, 614–15, 547 P.2d 1221 (1976); CR 51(f). We also find that the trial court properly refused to give plaintiffs' proposed instruction No. 11 and that the documents admitted by the trial court were properly admitted items. Lastly, we find plaintiffs' assignment of error relating to new trial or judgment notwithstanding the verdict to be without merit.

We leave the jury's verdicts undisturbed but remand for new trial with the evidence of alleged negligence and excessive trading limited to the appropriate period prior to September 5, 1970.

CALLOW and ANDERSEN, JJ., concur.