[No. 5830-1.   Division One.   October 9, 1978.]

ROGER W. KITTINGER, *Appellant,* v. THE BOEING COMPANY, ET AL, *Respondents.*

*Kleist & Davis* and *John J. Caldbick,* for appellant.

*Lycette, Diamond & Sylvester, John T. Petrie,* and *Richard M. Foreman,* for respondents.

*Robert H. Aronson* on behalf of University of Washington School of Law, amicus curiae.

RINGOLD, J.—The Boeing Company, Darrell Cole and Jane Doe Cole were granted summary judgment in an order dismissing Roger W. Kittinger's libel action against them due to the bar of the 2–year statute of limitations. RCW 4.16.010, .100. This appeal presents the question of whether the discovery rule should be used to determine when a cause of action for libel accrues.

Roger W. Kittinger was hired by Boeing on November 2, 1972. He received a layoff notice in mid–May 1974 and was told his division was cutting back in personnel. He had no reason to disbelieve this explanation, and he left the company on June 3, 1974.

In January 1975, he heard statements from Boeing's agents which first raised doubts in his mind as to the accuracy of the reasons originally given for his termination. He attempted, without success, to contact management personnel to inquire as to any other reason for his termination.

For 2 or 3 months prior to June 1975, Kittinger heard rumors that Darrell Cole had accused him of misconduct in a memorandum. During June 1975, he learned from a former Boeing manager, Don H. Atherly, that Cole had circulated a memorandum accusing Kittinger of offering a bribe to a European sales agent and of being a person of

deplorable character. Atherly also told Kittinger that Cole refused to confront Kittinger with these charges and that it was decided to put him on layoff status and to sustain his ignorance of the charges against him.

Kittinger unsuccessfully attempted to resolve the matter with the company, and on June 1, 1977, slightly less than 2 years after his conversation with Atherly, he filed his complaint.

RCW 4.16.010 states "Actions can only be commenced within the periods herein prescribed after the cause of action shall have accrued, . . ." RCW 4.16.100 states: "Within two years: (1) An action for libel, slander, . . ."

The question before us, therefore, is when does a cause of action for libel accrue.

The general rule is that the action accrues at the time of the publication of the libel. *Dick v. Northern Pac. Ry.*, 86 Wash. 211, 224–25, 150 P. 8 (1915); Annot., 42 A.L.R.3d 807; Annot., 1 A.L.R.2d 384. Kittinger contends that when a libelous statement is concealed from the victim by a small group of people who have read it, a cause of action for libel should accrue only when the victim learns of or in the exercise of reasonable diligence should have learned of the libel. Boeing and the Coles argue that most cases have rejected the discovery rule in libel actions because the policy underlying the publication rule outweighs the countervailing policy behind the discovery rule.

It is apparent that in most instances the time of publication will also be the time of discovery and the problem will not arise. It is the concealed libel, the confidential memorandum or letter, the credit report and the isolated plaintiff (such as a prisoner) which give rise to the issue. The authority in other jurisdictions is divided so we shall examine the policies underlying the statute of limitations and the discovery rule as expressed by the decisions in this state.

The statute of limitations effectuates two different policies. *Ruth v. Dight,* 75 Wn.2d 660, 453 P.2d 631 (1969). First is the policy of repose, *i.e.,* it is intended to instill a

measure of certainty and finality into one's affairs by eliminating the fears and burdens of threatened litigation. Second, it is intended to protect one against stale claims because they are more likely to be spurious and consist of untrustworthy evidence than are fresh claims. One is also less likely to have witnesses and relevant evidence available to defend against stale claims. *Ruth v. Dight, supra* at 664–65. *See also Gates Rubber Co. v. USM Corp.,* 508 F.2d 603, 606–15 (7th Cir. 1975).

The discovery rule is applied whenever the foregoing concerns are outweighed by the grave injustice of a literal application of the statute of limitations. To date, all Washington cases which have judicially adopted the "discovery rule" have been professional negligence cases. *Peters v. Simmons,* 87 Wn.2d 400, 552 P.2d 1053 (1976) (attorney's negligence); *Gazija v. Nicholas Jerns Co.,* 86 Wn.2d 215, 543 P.2d 338 (1975) (negligent cancellation of an insurance policy); *Ruth v. Dight, supra* (foreign substance negligently left in surgical wound); *Hunter v. Knight, Vale & Gregory,* 18 Wn. App. 640, 571 P.2d 212 (1977) (accountant's negligence); *Hermann v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 17 Wn. App. 626, 564 P.2d 817 (1977) (stockbroker's negligence); *Yerkes .v. Rockwood Clinic,* 11 Wn. App. 936, 527 P.2d 689 (1974) (negligent failure to inform a patient of risks in treatment); *Kundahl v. Barnett,* 5 Wn. App. 227, 486 P.2d 1164 (1971) (negligent land survey); *Janisch v. Mullins,* 1 Wn. App. 393, 461 P.2d 895 (1969) (negligent medical diagnosis). In *Janisch v. Mullins, supra* at 399, we expressed our understanding of the inquiry as follows: "We seek to construe the word 'accrued' in a manner consistent with a prima facie purpose to compel the exercise of a right within a reasonable time without doing an avoidable injustice." (Citations omitted.) Such potential injustice typically arises in circumstances where harm is sustained but the plaintiff has no means of being aware of it. *Gazija v. Nicholas Jerns Co., supra* at 220. The weighing of these competing concerns and the resolution of which should prevail is the performance of a

judicial function, and the decision whether or not to extend the discovery rule is a judicial policy determination. *Gazija v. Nicholas Jerns Co., supra* at 221; *Ruth v. Dight, supra* at 665; *Janisch v. Mullins, supra* at 398.

■ We are convinced that the discovery rule is appropriate for libel cases which arise out of confidential business memoranda when the plaintiff has no means, in the exercise of reasonable diligence, of discovering the existence of the cause of action. Because the memorandum remains with the libelor, the discovery rule is appropriate in this case just as in the case where a foreign substance is left in the body. In either case the injured party cannot be expected to discover the tort until something else happens to arouse his suspicions. *Ruth v. Dight, supra.* Like the necessary trust between professionals and their clients, *Janisch v. Mullins, supra* at 400–01, an employee necessarily relies on his employer for fair treatment. A contrary decision would impair this desired trust between employer and employee and would encourage employers to keep potentially libelous communications confidential. We hold that a cause of action for libel arising from confidential business memoranda accrues when the plaintiff discovers or, in the exercise of reasonable diligence, should have discovered the libel.

Boeing and Cole argue that even under the discovery rule, Kittinger's action is barred because it should have been discovered prior to June of 1975. Kittinger learned only in early 1975 that he might have been given the wrong reason for his termination. He then heard rumors about a memorandum charging him with misconduct. There is nothing in the record before us to indicate that those rumors included information about false charges. This case is before us on summary judgment. We must therefore view the evidence and all inferences from the evidence in the light most favorable to the nonmoving party which is Kittinger. *Yerkes v. Rockwood Clinic, supra.* Since reasonable minds could differ on the question of whether Kittinger should have discovered his cause of action prior to June 1,

1975, that issue is for the fact–finder. *Compare Duffy v. King Chiropractic Clinic,* 17 Wn. App. 693, 701, 565 P.2d 435 (1977) *with Yerkes v. Rockwood Clinic, supra* at 941–42. *See also Singer Credit Corp. v. Mercer Island Masonry, Inc.,* 13 Wn. App. 877, 883, 538 P.2d 544 (1975).

Reversed.

FARRIS, C.J., and WILLIAMS, J., concur.