Paul L. HOWARD, Plaintiff—Appellant,

v.

Joseph LEHMAN, Secretary of Washington Department of Corrections; et al., Defendants,

and

Clark County Jail; Columbia River Mental Health Services; Garry E. Lucas; John Doe, Director of Columbia River Mental Health Services, Defendants—Appellees.

Paul L. Howard, Plaintiff—Appellant,

v.

Clark County Jail; et al., Defendants,

and

Washington Department of Corrections; Joseph D. Lehman, Secretary of Washington Department of Corrections; Alice Payne, Superintendent, McNeil Island Correctional Center, Defendants—Appellees.

Nos. 01–35708, 01–36090.

D.C. No. CV–00–05408–RJB/JKA.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 12, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Appeal from the United States District Court for the Western District of Washington, Robert J. Bryan, District Judge, Presiding.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

## MEMORANDUM**

Paul L. Howard, a Washington state prisoner, appeals pro se the district court's judgment dismissing his claims against Clark County Jail and the Columbia River Mental Health Services, and the district court's summary judgment for the Washington Department of Corrections, in his 42 U.S.C. § 1983 action alleging that the defendants violated the Americans with Disabilities Act ("ADA") and Howard's civil rights by misdiagnosing him and forcibly administering psychiatric medications against his will. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni*, 31 F.3d 813, 815–17 (9th Cir.1994), and we affirm.

■ The district court properly dismissed Howard's claims against Clark County Jail and Columbia River Mental Health Services and their employees as time-barred because Howard's complaint alleges only misdiagnoses or forced administration of medications that occurred more than three years before Howard filed his complaint. *See* Wash. Rev.Code § 4.16.080; *RK Ventures, Inc. v. City of*

Seattle, 307 F.3d 1045, 1058 (9th Cir. 2002). Howard alleges that he challenged the medications as early as 1994, which shows he was aware of his injury and was not "incompetent or disabled" due to the medications. *See* Wash. Rev.Code § 4.16.190; *Crisman v. Crisman*, 85 Wash.App. 15, 931 P.2d 163, 165–66 (1997) (explaining that statute of limitations is tolled until a plaintiff knows, or through reasonable diligence should know, of her injury). Additionally, Howard did not allege any continuing violations that would toll the statute of limitations. *See Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981).

■ The district court properly granted summary judgment for the Washington Department of Corrections and its officials on Howard's civil rights claims, because Howard did not raise a genuine issue of material fact as to whether prison officials acted with deliberate indifference to a serious medical need when they treated him with anti-psychotic medications and failed to diagnose his lung condition. *See McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir.1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997).

■ The district court properly granted summary judgment on Howard's ADA claims because Howard failed to raise a genuine issue of material fact as to whether he qualified as disabled under the act, *see* 42 U.S.C. § 12132; 29 C.F.R. § 1630.2(j), or as to whether the defendants denied him the benefit of any services, programs, or activities based on his alleged disabilities, *see Duffy v. Riveland*, 98 F.3d 447, 455 (1995).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Circuit Rule 36–3.

The district court properly denied Howard's motions for appointment of counsel because Howard did not demonstrate any exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991).

The district court acted within its discretion to deny Howard's motion for discovery. *See Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir.1996).

Howard's remaining contentions are unpersuasive.

Howard's motion for enlargement of time to respond to this court's screening letter is granted. Howard's response to the screening letter is ordered filed, and Howard's request for oral argument is denied.

Appellee's motion to strike Howard's motion is denied.

Howard's request for a restraining order preventing transfer is denied.

**AFFIRMED.**