[No. 12694–0–II.   Division Two.   August 27, 1990.]

GARY RICHARDSON, *Appellant,* v. WILLIAM DENEND, ET AL, *Respondents.*

*Ronald J. Meltzer* and *Sinsheimer & Meltzer,* for appellant.

*M. Colleen Barrett, George W. McLean, Jr.,* and *Julin, Fosso, Sage, McBride & Mason,* for respondents.

ALEXANDER, C.J.—Gary Richardson appeals an order of the Kitsap County Superior Court dismissing his malpractice action against attorney William Denend on the basis that his claim against Denend was barred by the applicable statute of limitations. We affirm.

Richardson's complaint against Denend arose out of Denend's representation of Richardson in a criminal case. The criminal matter concluded at the trial level on February 17, 1978, when Richardson was convicted of second degree assault. On May 4, 1981, Richardson, acting pro se, filed a damage action against Denend in Kitsap County Superior Court. The complaint and summons were not served upon Denend until February 17, 1982.

In his complaint, Richardson alleged that Denend was guilty of malpractice in connection with the representation he provided Richardson at the criminal trial. Specifically, Richardson averred that Denend failed to elicit certain testimony from a defense witness at the criminal trial due to a conflict of interest arising from Denend's representation of that witness in another matter. In addition, he claimed that Denend did not develop a consistent defense theory of the case, object to certain testimony presented at trial, or argue the burden of proof on the issue of self-defense in closing argument.[1]

Denend moved to dismiss Richardson's claim, alleging that the action was barred by the 3-year statute of limitations applicable to actions upon contract. Richardson

---

[1]After the commencement of the civil action, Richardson, by way of a personal restraint petition, obtained an order vacating his conviction after a remand to the superior court from the Supreme Court to determine if the conflict of interest on the part of Denend resulted in Richardson's being denied effective assistance of counsel. *See In re Richardson,* 100 Wn.2d 669, 675 P.2d 209 (1983).

opposed the motion, asserting that the statute of limitations did not begin to run until such time as he discovered that Denend's conduct at the criminal trial may have constituted malpractice.[2]

In ruling on the motion, the trial court concluded that Richardson's filing of the action was not perfected until February 1982, due to his failure to serve Denend within 90 days of the filing of the complaint.[3] The trial court further concluded that Richardson's cause of action for malpractice accrued on February 17, 1978, the date judgment was entered in the criminal trial; or, in the alternative, no later than the date of his sentencing on March 30, 1978. Based on the above conclusions, the trial court ruled that Richardson's action was barred by the statute of limitations.

There is only one issue presented: Did the trial court err in concluding that the action was barred by the statute of limitations? Although Denend's motion was entitled a motion to dismiss, it is apparent that the trial court considered numerous declarations, excerpts from depositions, and attachments in ruling on the motion. Accordingly, we view the trial court's ruling as one granting summary judgment. *See* CR 12(c); *Moses Lk. v. Grant Cy.*, 39 Wn. App. 256, 258, 693 P.2d 140 (1984).

A motion for summary judgment should not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as

---

[2]Alternatively, he argued that the statute of limitations was tolled, pursuant to RCW 4.16.190, during his incarceration from March 30 through May 30, 1978, and, following an unsuccessful appeal, from February 7, 1980, through October 30, 1981. The trial court resolved this issue adversely to Richardson. Richardson has not assigned error to this ruling and, thus, we do not address this issue. *See State v. Hubbard*, 103 Wn.2d 570, 574, 693 P.2d 718 (1985) (holding that a ruling of the trial court to which no error has been assigned becomes the law of the case and is not subject to review by the Court of Appeals).

[3]Pursuant to RCW 4.16.170, an action is not deemed commenced unless the defendant is served within 90 days from the date of filing the complaint.

a matter of law." CR 56(c); *Hontz v. State,* 105 Wn.2d 302, 311, 714 P.2d 1176 (1986).

Pursuant to RCW 4.16.080(3), an action for attorney malpractice must be commenced within 3 years. *See also Crouch v. Friedman,* 51 Wn. App. 731, 734, 754 P.2d 1299 (1988). The court in *Peters v. Simmons,* 87 Wn.2d 400, 552 P.2d 1053 (1976), however, extended the so–called "discovery rule" to legal malpractice actions, holding:

> . . . the statute of limitations for legal malpractice should not start to run until the client discovers, or in the exercise of reasonable diligence should have discovered the facts which give rise to his or her cause of action.

*Peters,* 87 Wn.2d at 406.

Richardson contends that summary judgment was inappropriate because a genuine issue of material fact exists as to when he knew, or in the exercise of reasonable care should have known, that Denend's representation of him at the criminal trial may have constituted malpractice. In this regard, he asserts that he did not learn that Denend's conduct may have constituted malpractice until he conducted independent legal research after he was incarcerated for the assault in February 1980, following an unsuccessful appeal of his conviction on issues unrelated to those which are the subject of the present action.[4]

We recognize that application of the discovery rule generally presents questions of fact. *See Ohler v. Tacoma Gen. Hosp.,* 92 Wn.2d 507, 510, 598 P.2d 1358 (1979). In the context of actions for attorney malpractice premised upon errors or omissions allegedly occurring during the course of litigation, however, we find that the application of the discovery rule presents a question of law because the pertinent facts are susceptible of but one conclusion. *See Hartley v. State,* 103 Wn.2d 768, 775, 698 P.2d 77 (1985).

The discovery rule merely tolls the running of the statute of limitations until the plaintiff has knowledge of the "facts" which give rise to the cause of action; it does not

---

[4]*See State v. Richardson,* 24 Wn. App. 302, 600 P.2d 696 (1979).

require knowledge of the existence of a legal cause of action itself. *See Sahlie v. Johns–Manville Sales Corp.,* 99 Wn.2d 550, 554, 663 P.2d 473 (1983); *Reichelt v. Johns–Manville Corp.,* 107 Wn.2d 761, 769, 733 P.2d 530 (1987); *Gevaart v. Metco Constr., Inc.,* 111 Wn.2d 499, 502, 760 P.2d 348 (1988). In professional malpractice cases, the pivotal factor which tolls the running of the statute of limitations is the absence of knowledge of injury. *See Peters,* 87 Wn.2d at 404; *Gevaart,* 111 Wn.2d at 501.

Consequently, the discovery rule has consistently been applied by our courts in such actions to toll the statute of limitations until the plaintiff discovers, or should have discovered, his or her *damage* or *injury* resulting from the professional malpractice. *See Peters v. Simmons, supra; Gevaart v. Metco Constr., Inc., supra.*[5] Unlike the situation with the provision of other professional services, however, the damages, if any, resulting from the errors or omissions of an attorney allegedly occurring during the course of litigation are embodied in the judgment of a court. The parties to such an action, in turn, are formally advised of the judgment of the court and, hence, receive notification of any damage which results from their attorney's representation. We conclude, therefore, that upon entry of the judgment, a client, as a matter of law, possesses knowledge of all the

---

[5]We note that the holding of the court in *Ohler v. Tacoma Gen. Hosp., supra,* is an exception to the above statement. In *Ohler,* the Supreme Court reversed a trial court's dismissal of an action for damages caused by the negligent administration of oxygen to the plaintiff at birth, notwithstanding the plaintiff's admission that she knew for several years that the hospital had administered oxygen to her at birth and that such oxygen had caused her blindness, the court concluding that an issue of fact remained as to whether the plaintiff knew, or should have known, that her blindness was the result of a breach of duty on the part of the hospital. *Ohler,* 92 Wn.2d at 510–11. While we are unable to reconcile the Supreme Court's application of the discovery rule in *Ohler* with that in *Gevaart,* we are compelled to conclude that the ruling in *Gevaart,* as the court's most recent application of the rule, is controlling.

facts which may give rise to his or her cause of action for negligent representation.[6]

Our conclusion is in accord with the majority of jurisdictions which have applied the discovery rule to attorney malpractice actions stemming from errors occurring at trial. *See* Annot., *When Statute of Limitations Begins To Run Upon Action Against Attorney for Malpractice* § 7–8, 32 A.L.R.4th 260 (1984); 7 Am. Jur. 2d *Attorneys at Law* § 221 (1980); *Watson v. Dorsey*, 265 Md. 509, 290 A.2d 530 (1972); *Farner v. Fireman's Fund Ins. Co.*, 748 F.2d 551, 555 (10th Cir. 1984); *Hunt v. Bittman*, 482 F. Supp. 1017, 1022 (D.C. Cir. 1980), *aff'd*, 652 F.2d 196 (D.C. Cir.), *cert. denied*, 454 U.S. 860, 70 L. Ed. 2d 158, 102 S. Ct. 315 (1981); *Bell v. Hummel*, 136 Cal. App. 3d 1009, 1017, 186 Cal. Rptr. 688 (1982); *Don Reid Ford, Inc. v. Feldman*, 421 So. 2d 184, 185 (Fla. Dist. Ct. App. 1982).[7]

The holding in *Watson* is representative of the reasoning of these courts. In *Watson*, plaintiffs brought an action for attorney malpractice premised upon the failure of trial counsel in a prior civil action to call certain witnesses.

---

[6]As noted above, knowledge of the "facts" comprising a cause of action for attorney malpractice is to be distinguished from knowledge that such conduct constitutes malpractice. As noted in *Gevaart*, the discovery rule does not require that the plaintiff know of the negligent character of the conduct alleged as the cause of his or her injury. *See Gevaart*, 111 Wn.2d at 502.

[7]We note that a limited number of jurisdictions have adopted the position that a judgment of a trial court does not become final and, hence, a party to such action does not incur any injury as a result of negligent representation at such proceeding, until a court of appeals affirms the decision of the trial court and/or the time to appeal has expired. *See Neylan v. Moser*, 400 N.W.2d 538 (Iowa 1987) (holding that the date of injury for purposes of attorney malpractice does not occur until the last possible date when the attorney's negligence becomes irreversible). Such an approach may be appropriate where the judgment of the trial court is actually stayed pending an appeal; however, where as here, the party adversely affected by the judgment is forced to suffer the injury of the judgment prior to any appeal, it could hardly be said that such party did not suffer an injury as a result of the trial court's judgment pending the appeal.

*Watson,* 290 A.2d at 532. The action was brought more than 3 years after the entry of judgment in the prior action. *Watson,* 290 A.2d at 532. The court dismissed Watson's cause of action, concluding that clients are charged with knowledge that they may have been wronged as soon as the case is decided against them and, consequently, the statute of limitations begins to run upon entry of judgment. *Watson,* 290 A.2d at 533.

We adopt the reasoning of the above courts and hold, as a matter of law, that upon entry of an adverse judgment at trial a client is charged with knowledge, or at least is put on notice, that his or her attorney may have committed malpractice in connection with the representation. *See* 32 A.L.R.4th §§ 7, 8. Were we to conclude otherwise and adopt the position urged by Richardson, we would be ruling that the statute of limitations is tolled until such time as a dissatisfied client obtains other legal counsel or engages in independent legal research to determine the propriety of the actions of his or her former counsel. This, as noted by the court in *Gevaart,* is not the law of Washington. *Gevaart,* 111 Wn.2d at 502.[8] Accordingly, the trial court was correct in concluding that Richardson's action was barred by the statute of limitations.

Affirmed.

PETRICH and WORSWICK, JJ., concur.

Review denied at 116 Wn.2d 1005 (1991).

---

[8]Although we are ruling that at the time of entry of judgment a client is charged with knowledge that his attorney may have committed malpractice, it is noteworthy that Richardson had given an indication that he was aware of what he believed were the attorney's shortcomings at trial. In an affidavit furnished to the trial court, he concluded that he had indicated at or about the time of the criminal trial that his attorney was "incompetent." Richardson claims, however, that this statement related to other conduct of the attorney and not to matters related to the malpractice action.