[No. 47215-1-I.   Division One.   December 31, 2001.]

JANICKI LOGGING & CONSTRUCTION COMPANY, INC., *Appellant*, v. SCHWABE, WILLIAMSON & WYATT, P.C., ET AL., *Respondents*.

656

*Samuel E. Baker, Jr.*, and *Thomas R. Krider* (of *Oles Morrison Rinker & Baker, L.L.P.*) and *Richard L. Martens* (of *Martens-Ragen, P.S.*), for appellant.

*Stanton P. Beck, Annmarie B. Petrich*, and *Linda B. Clapham* (of *Lane Powell Spears Lubersky, L.L.P.*), for respondents.

COLEMAN, J. — Janicki Logging appeals the dismissal of its legal malpractice claim against Schwabe, Williamson & Wyatt, P.C. Schwabe missed a deadline, resulting in dismissal of Janicki's claim against the United States Forest Service. Schwabe then represented Janicki in appealing that dismissal for several years, to no avail. Janicki then

sued Schwabe for malpractice. The trial court dismissed Janicki's malpractice claim as time barred. Janicki argues on appeal that the statute of limitations did not start to run on its malpractice claim until all appeals had been exhausted, or until the end of the Schwabe's representation of Janicki in the same matter in which the malpractice occurred. We adopt the continuing representation doctrine and hold that the statute of limitations on an attorney malpractice claim is tolled during an attorney's continuous representation of the client in the same matter from which the malpractice claim arose. Accordingly, we reverse and remand.

## STATEMENT OF FACTS

Because this case was decided on a CR 12(b)(6) motion to dismiss, the facts as averred in Janicki's complaint are assumed to be true.

Janicki had a contract to remove timber from federal land. In 1990, Janicki, through its attorneys at Schwabe, filed a breach of contract claim against the United States Forest Service. Janicki submitted its claim to the Forest Service contracting officer responsible for administering Janicki's contract. The officer's final administrative decision awarded Janicki less than it had sought. Schwabe suggested that Janicki file an original action in the United States Court of Claims and file a concurrent suit on the same claim in the United States District Court. However, Schwabe missed the one-year deadline for filing the Court of Claims suit, resulting in dismissal of that claim. In its written order of dismissal, the Court of Claims stated: "[T]his court must dismiss this claim filed on January 21, 1992, due to Janicki's failure to meet the simple jurisdictional prerequisite of filing within 12 months of the contracting officer's final decision." Meanwhile, the District Court claim was dismissed for lack of subject matter jurisdiction. Schwabe continued to represent Janicki through a series of appeals on both claims until August 18, 1997, when the Court of Appeals for the Federal Circuit

upheld the Court of Claims' original dismissal for failure to meet the 12-month deadline.

On June 1, 2000, Janicki filed a malpractice lawsuit against Schwabe in King County Superior Court. Schwabe filed a motion to dismiss under CR 12(b)(6). The trial court dismissed the claim, ruling that it was barred by the statute of limitations.

## DISCUSSION

■ Because this case was disposed of on a CR 12(b)(6) motion, all issues are reviewed de novo. *Mueller v. Miller*, 82 Wn. App. 236, 246, 917 P.2d 604 (1996). We accept facts alleged in the complaint as true. *Mueller*, 82 Wn. App. at 246. We must reverse if any set of facts, consistent with the complaint, would entitle the plaintiff to relief. *Mueller*, 82 Wn. App. at 246.

■ The statute of limitations for attorney malpractice is three years. *French v. Gabriel*, 116 Wn.2d 584, 595, 806 P.2d 1234 (1991). The statute of limitations on an action "does not begin to run until the cause of action accrues—that is, when the plaintiff has a right to seek relief in the courts." *Sabey v. Howard Johnson & Co.*, 101 Wn. App. 575, 592-93, 5 P.3d 730 (2000) (citing *Colwell v. Eising*, 118 Wn.2d 861, 868, 827 P.2d 1005 (1992)). In addition, under the "discovery rule," the statute of limitations does not start to run on an attorney malpractice claim until the client "discovers, or in the exercise of reasonable diligence should have discovered the facts which give rise to his or her cause of action." *Peters v. Simmons*, 87 Wn.2d 400, 406, 552 P.2d 1053 (1976).

This rule does not require that a plaintiff have knowledge of the cause of action itself; rather, only the "facts" that give rise to that cause of action must be known to start the running of the statute. *Richardson v. Denend*, 59 Wn. App. 92, 95-96, 795 P.2d 1192 (1990); *Gevaart v. Metco Constr., Inc.*, 111 Wn.2d 499, 502, 760 P.2d 348 (1988). Still, the facts supporting *each* of the essential elements of the cause of

action—duty, breach, causation, and damages in a malpractice action—must be known before the statute begins to run. *See Ohler v. Tacoma Gen. Hosp.*, 92 Wn.2d 507, 598 P.2d 1358 (1979); *Lo v. Honda Motor Co.*, 73 Wn. App. 448, 869 P.2d 1114 (1994) (causation).

## 1. Exhaustion of Appeals

■ Janicki first argues that the statute of limitations on its malpractice claim did not start to run until all appeals on its Court of Claims case were exhausted. Janicki reasons that it could not have known it was damaged before that time, since any damage was only speculative up to that point. We disagree. As a matter of law, Janicki was on notice that it had been damaged when the Court of Claims dismissed its case.

This conclusion is consistent with the rule adopted in *Richardson*. There, the court held "as a matter of law, that upon entry of an adverse judgment at trial a client is charged with knowledge, or at least is put on notice, that his or her attorney may have committed malpractice in connection with the representation." *Richardson*, 59 Wn. App. at 98. *See also Quinn v. Connelly*, 63 Wn. App. 733, 739, 821 P.2d 1256 (1992) (citing *Richardson* as having rejected tolling pending appeal). Janicki argues that, unlike the criminal defendants in *Richardson* and *Quinn*, Janicki did not incur any actual injury until the original dismissal was affirmed on appeal. Janicki relies on *Richardson* dicta, suggesting that tolling the statute of limitations "may be appropriate where the judgment of the trial court is actually stayed pending an appeal[.]" Janicki argues that this language expressly limited the rule announced in *Richardson* to its facts.

We decline to adopt Janicki's proposed rule that any appeal in a civil matter delays discovery for purposes of the statute of limitations. Here, as in *Richardson*, the facts as pleaded are susceptible of but one conclusion: Janicki knew or should have known when its claim was dismissed as untimely that its lawyers missed a deadline, leaving in place a judgment that denied Janicki the relief it had

sought. *See Richardson*, 59 Wn. App. at 95. The denial of that relief was in itself an adverse consequence. The *Richardson* rule charges Janicki with knowledge of that injury on entry of the Court of Claims' order of dismissal.

## 2. Continuous Representation

■ ■ Janicki next argues that if we are unwilling to modify the *Richardson* rule, we should adopt the "continuous representation" doctrine. That rule tolls the statute of limitations until the end of an attorney's representation of a client in the same matter in which the alleged malpractice occurred. No court in this state has addressed whether the doctrine should apply to the attorney-client relationship.[1]

Janicki points to several Washington cases that held the date of discovery to be the same as the date an attorney-client relationship ended. *See, e.g., Matson v. Weidenkopf*, 101 Wn. App. 472, 482-83, 3 P.3d 805 (2000) (holding clients not on notice of possible malpractice until attorney informed them he was no longer handling their case); *Quinn*, 63 Wn. App. at 741 (holding statute of limitations for fraudulent concealment had run because any such concealment ended at end of attorney-client relationship). But the determining factor in these cases has always been whether the plaintiffs had actual or constructive knowledge of enough facts to justify a holding that they had "discovered" the claim for purposes of the discovery rule.[2] The question

---

[1] The "continuing relationship" doctrine has been adopted for professional malpractice cases against some professionals and rejected for others. *See Gillespie v. Seattle-First Nat'l Bank*, 70 Wn. App. 150, 164, 855 P.2d 680 (1993) (noting common law tolled statute during fiduciary relationship, but Legislature had modified rule as to trustees); *Hermann v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 17 Wn. App. 626, 564 P.2d 817 (1997) (assuming, without analysis, that doctrine applied to stockbroker-customer relationship). *But see Seattle First Nat'l Bank, N.A. v. Siebol*, 64 Wn. App. 401, 824 P.2d 1252 (1992) (declining to extend doctrine to loan officer-customer relationship).

The difference between the "continuing relationship" rule and "continuous representation" rule is twofold: First, the latter obviously applies more specifically to attorneys. Second, and most importantly, the rule as applied to attorneys does not toll the statute until the end of the attorney-client *relationship*, but only until the end of the attorney's representation of the client in the same matter in which the alleged malpractice occurred.

[2] Arguably, in the above cases where the policy considerations supporting the continuous representation doctrine are implicated, courts have strained to find a

here is whether the statute of limitations should be tolled until the end of the representation even if the client has knowledge of the facts supporting the claim. This is an issue of first impression in Washington.

The parties have thoroughly set forth the competing policy considerations this court must consider. The continuous representation rule avoids disruption of the attorney-client relationship and gives attorneys the chance to remedy mistakes before being sued. *See Laird v. Blacker*, 2 Cal. 4th 606, 828 P.2d 691, 698 (1992). The rule also prevents an attorney from defeating a malpractice claim by continuing representation until the statute of limitations has expired. *Laird*, 828 P.2d at 698. Courts adopting the rule have found it to be "consistent with the purpose of the statute of limitations, which is to prevent stale claims and enable the defendant to preserve evidence. . . . The attorney-client relationship is maintained and speculative malpractice litigation is avoided." 3 RONALD E. MALLEN & JEFFREY M. SMITH, LEGAL MALPRACTICE § 22.13, at 430 (5th ed. 2000) (earlier edition quoted in *Pittman v. McDowell, Rice & Smith, Chartered*, 12 Kan. App. 2d 603, 752 P.2d 711, 715-16 (1988)).

On the other hand, any rule that tolls the statute of limitations is in tension with the legislative policy of finality that the statute of limitations represents. Accordingly, some courts have declined to adopt the continuous representation rule because they see it as the legislature's role to do so. *See, e.g., Ragar v. Brown*, 332 Ark. 214, 964

---

lack of early discovery. A leading commentator on the issue has criticized this approach, although in a different context:

> Too many decisions seem result-oriented, rationalizing the use of delayed accrual because of lack of damage, where the better explanation for tolling would have been lack of discovery of the cause of action or continued representation by the lawyer. When policy considerations underlie the court's rationale, . . . *the "jurisprudence" of the statute of limitations is better served by admitting a policy exception rather than by a forced and erroneous rationale*[.]

Ronald E. Mallen, *Limitations and the Need for "Damages" in Legal Malpractice Actions*, 60 DEF. COUNS. J. 234, 247 (April 1993) (emphasis added).

S.W.2d 372, 374-75 (1998); *Witt v. Jones & Jones Law Offices, P.C.*, 269 Ill. App. 3d 540, 646 N.E.2d 23, 25 (1995); *Broker House Int'l, Ltd. v. Bendelow*, 952 P.2d 860, 864 (Colo. Ct. App. 1998) (noting merely that the rule "has not been adopted in Colorado").

On balance, we find the policies favoring the rule far more compelling than those against it. As Mallen and Smith reason in their treatise on attorney malpractice,

> [t]he continuous representation rule is . . . appropriate in those jurisdictions adopting the . . . discovery rule[.] The policy reasons are as compelling for allowing an attorney to continue efforts to remedy a bad result, . . . even if the client is fully aware of the attorney's error. The doctrine is fair to all concerned parties. The attorney has the opportunity to remedy, avoid or establish that there was no error or attempt to mitigate the damages. The client is not forced to end the relationship, though the option exists. This result is consistent with all expressed policy bases for the statute of limitations.

MALLEN AND SMITH, *supra*, at 431. *See also* Jennifer Thornton, Comment, *Louisiana Revised Statute Section 9:5605: A Louisiana Lawyer's Best Friend*, 74 TUL. L. REV. 659, 667-68 (1999) (finding rule "combats the 'illogical requirement' that a client sue his attorney . . . while his attorney is attempting to remedy the wrong" and "does not obstruct the purposes of a statute of limitations . . . ."). Most courts that have considered the continuous representation rule for attorneys have approved or adopted it. *See* MALLEN AND SMITH, *supra*, § 22.13 at 431, 437; Thornton, 74 TUL. L. REV. at 668. Further, while this court is always hesitant to announce new rules, Washington courts have long considered the decision of when to toll the statute of limitations to be a "matter of judicial policy." *Peters v. Simmons*, 87 Wn.2d 400, 405, 552 P.2d 1053 (1976); *see also Gazija v. Nicholas Jerns Co.*, 86 Wn.2d 215, 221-22, 543 P.2d 338 (1975).

For the above reasons, we adopt the continuous representation rule. We emphasize, however, that the rule we adopt today is a limited one. It does not apply to a client who retains new counsel on appeal. In addition, the rule does

not toll the statute of limitations until the end of the attorney-client *relationship*, but only during the lawyer's representation of the client in the *same matter* from which the malpractice claim arose.

Reversed and remanded for further proceedings consistent with this opinion.

BAKER and ELLINGTON, JJ., concur.

Review denied at 146 Wn.2d 1019 (2002).