# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | |
|---|---|
| SUSAN B. PAULSELL, a single woman in her individual capacity, | No. 74744-4-I |
| Plaintiff, | ORDER GRANTING MOTION TO SUBSTITUTE PARTIES, |
| CONNIE POTTER and SUSAN PAULSELL, Trustees of the Amended and Restated Frederick O. Paulsell, Jr. Living Trust dated December 22, 2002, | WITHDRAWING OPINION AND SUBSTITUTING OPINION |
| Appellants, | |
| v. | |
| JOSEPH MICHAEL GAFFNEY and JANE DOE GAFFNEY, his wife, and DORSEY & WHITNEY, LLP, a Minnesota Limited Liability Partnership, | |
| Respondents. | |

The appellant, Connie Potter, has filed a motion to substitute parties under RAP 3.2., after the court's opinion was filed on December 19, 2016. Potter has advised the court that co-trustee Susan Paulsell passed away on May 24, 2016, and that Potter should be substituted as the only trustee. At the court's direction, the respondents have filed a response and indicate no objections to the substitution.

Now, therefore, it is hereby

ORDERED that the appellant's motion to substitute parties is granted and that co-trustee Susan Paulsell be removed from the court's case caption; and, it is further

ORDERED that the opinion filed on December 19, 2016, be withdrawn and a substitute opinion be filed reflecting the substitution of parties.

DATED this ___16th___ day of ___September___, 2017.

Trickey, ACJ

Cox, J.

Becker, J.

2017 SEP 18 AM 11:58
COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

SUSAN B. PAULSELL, a single woman
in her individual capacity,[†]

Plaintiff,

CONNIE POTTER, Trustee of the
Amended and Restated Frederick O.
Paulsell, Jr. Living Trust dated
December 22, 2002,

Appellant,

v.

JOSEPH MICHAEL GAFFNEY and
JANE DOE GAFFNEY, his wife, and
DORSEY & WHITNEY, LLP, a
Minnesota Limited Liability Partnership,

Respondents.

No. 74744-4-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: September 18, 2017

TRICKEY, A.C.J. — A trust, through its trustee, Connie Potter, appeals the dismissal on summary judgment of its claims for legal malpractice and breach of fiduciary duty against attorney Joseph Gaffney and his law firm, Dorsey & Whitney, LLP. Gaffney successfully sought summary judgment on the basis that all the damages the trust sought were unrecoverable attorney fees under the American Rule. Because the trust did not raise a genuine issue of material fact that some of the damages sought fell outside the rule, we affirm the trial court's grant of summary judgment on the legal malpractice claim.

---

[†] Susan B. Paulsell passed away during the pendency of this appeal. An order has been entered substituting Connie Potter as the only trustee. We hereby order the appellate case caption be amended consistent with that order.

But, because genuine issues of material fact remain whether the trust is entitled to disgorgement of the attorney fees it paid to Gaffney, we reverse the trial court's dismissal of the trust's breach of fiduciary duty claim.

## FACTS

Attorney Joseph Gaffney is a member of the law firm Dorsey & Whitney, LLP, who works in the firm's Seattle office. Gaffney provided estate planning services to Frederick O. Paulsell Jr. (Fred Jr.)[1] in the 1980s and 1990s, including setting up a trust for Fred Jr. in 1987. Gaffney prepared an amended living trust for Fred Jr. in 1997.

Fred Jr. married Susan B. Paulsell in 1998. Susan had four children from a previous marriage. Fred Jr. also had children from a previous marriage, including his son Frederick O. Paulsell III (Fred III).

Fred Jr. wrote a new will without the assistance of counsel in April 2002. Fred Jr. died in October 2002. The will left all of Fred Jr.'s material possessions to Susan, and on Susan's death, to be "passed on to both her natural children and [his] natural children in equal proportions" and named Susan and Fred III as co-trustees of his estate.[2]

After Fred Jr's death, Fred III and Susan sought legal advice from Gaffney. Gaffney asserts he advised them as co-personal representatives of Fred Jr.'s estate and not in their individual capacities. Gaffney believed that the new will created uncertainty about which of Fred Jr.'s assets were trust assets and which

---

[1] Because many of the parties share the last name Paulsell, we refer to them by their first names. We intend no disrespect.
[2] Clerk's Papers (CP) at 100.

were estate assets and would not allow Susan to take advantage of the federal estate tax's marital deduction. Gaffney prepared a binding non-judicial dispute resolution agreement to address any conflicts between the trusts and the will, and to ensure that Susan could take advantage of the marital deduction. All of the beneficiaries, including Susan and Fred III, signed that agreement.

The agreement created a new trust, the "Amended and Restated Frederick O. Paulsell, Jr. Living Trust" (the Trust).[3] The new Trust named Susan and Fred III as co-trustees. The Trust directed the trustees to pay all income from the trust to Susan and, if the income was not sufficient to provide for Susan's "support in her accustomed manner of living," to distribute "such sums of principal" as the trustees deemed advisable.[4] On Susan's death, the remaining trust assets, not consumed by estate taxes, would be shared equally by Susan's and Fred Jr.'s children.

Over the next five years, Gaffney provided some advice about the Trust's administration and performed "various services" for the Trust, including drafting a distribution agreement. But neither he nor his firm handled the day-to-day administration of the Trust.

Conflict arose between Susan and Fred III when he objected to her spending habits and the fact that she was distributing trust assets to her biological children but not to him and his biological siblings. In 2008, in an effort to resolve their disputes, Susan and Fred III asked Gaffney and another Dorsey & Whitney employee to help them prepare an accounting and reconciliation. They completed

---

[3] CP at 80, 147-53.
[4] CP at 149.

the reconciliation in March 2009. The reconciliation stated that Susan owed the trust over $3 million. The Trust paid Dorsey & Whitney $73,407.35 for its "accounting and other trust work."[5]

Afraid that she would have to reimburse the Trust the money, Susan sought independent legal advice in the spring of 2009. In September 2009, Fred III froze the Trust's accounts. Shortly after, Susan, in her capacity as trustee, distributee, and beneficiary of the Trust, filed a declaratory judgment in Multnomah County Circuit Court, Oregon, where she resided, against Fred III as co-trustee and against all the contingent beneficiaries of the Trust. She sought a declaration that the primary purpose of the Trust was to support her in her accustomed manner of living during her lifetime.

In November 2009, Susan and Fred III hired the firm Beagle Burke & Associates to perform a new accounting. In April 2010, the court appointed Jeffrey Thede as an interim co-trustee. The Trust paid Thede nearly $50,000.

Susan ultimately prevailed at trial. The Oregon court ordered Fred III to pay approximately $500,000 of Susan's attorney fees. But the court ordered the Trust to pay attorney fees for Susan's children in the amount of $57,701.09, Fred Jr.'s children in the amount of $47,037.34, and Fred III in the amount of $160,000. The Trust itself paid over $200,000 in attorney fees for its own representation.

The Oregon court removed Fred III as a co-trustee and appointed Connie

---

[5] CP at 243. Neither party has directed our attention to anything in the record that segregates the fees paid for the accounting work from other attorney fees paid to Dorsey & Whitney. The approximately $70,000 also includes legal work Dorsey & Whitney undertook to sell some of the Trust's property on Whidbey Island, Washington. The Trust has not alleged any breach of fiduciary duties in that sale.

Potter, a professional trustee. As of January 2015, the Trust had paid $22,900 in other trustees' fees. Those fees are continuing.

In March 2012, the Trust, with Susan and Potter acting as co-trustees, sued Gaffney, his wife, and Dorsey & Whitney for legal malpractice and breach of fiduciary duties. The amended complaint claimed damages for all the attorney fees the Trust had paid as a result of the Oregon litigation, as well as all the professional trustees' fees, accounting fees, and attorney fees paid to Dorsey & Whitney.

In January 2015, Gaffney moved for summary judgment, arguing primarily that the only damages the Trust sought were litigation expenses and, therefore, not available under the American Rule. The Trust noted that Gaffney's motion for summary judgment did not address that it sought disgorgement of the attorney fees it had paid to Dorsey & Whitney. It provided declarations from Potter and Susan's trial attorney, opining that the parties would not have become involved in the Oregon litigation without Gaffney's negligent accounting and reconciliation. The trial court granted Gaffney's motion.

The Trust sought direct review in the Supreme Court. The Supreme Court transferred the case to this court.

ANALYSIS

Summary Judgment

The Trust argues that the trial court erred by granting Gaffney's motion for summary judgment on both its legal malpractice and breach of fiduciary duty claims. Because Gaffney is not entitled to judgment as a matter of law on some

5

of the Trust's claims, we reverse in part.

The trial court grants summary judgment to a party when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). "'A material fact is one that affects the outcome of the litigation.'" Elcon Const., Inc. v. E. Wash. Univ., 174 Wn.2d 157, 164, 273 P.3d 965 (2012) (quoting Owen v. Burlington N. Santa Fe R.R., 153 Wn.2d 780, 789, 108 P.3d 1220 (2005)).

We review summary judgment orders de novo, and view "all facts and reasonable inferences in the light most favorable to the nonmoving party." Elcon Const., 174 Wn.2d at 164. We address the breach of fiduciary duty and legal malpractice claims in turn.

*Fiduciary Duty*

The Trust argues that the trial court erred by dismissing its breach of fiduciary duty cause of action. Gaffney argues that the Trust cannot raise this issue on appeal because it did not raise it below. Ordinarily, this court does not review arguments raised for the first time on appeal. RAP 2.5(a). But the Trust did raise its breach of fiduciary duty claim below. The Trust alleged in its amended complaint that Gaffney breached his fiduciary duties. It listed that breach as a separate cause of action. It also pointed out, in its response to Gaffney's motion for summary judgment, that breach of a fiduciary duty gives rise to a separate claim for disgorgement. In that response, the Trust relied on Eriks v. Denver, the same case it relies on in this appeal. 118 Wn.2d 451, 462-63, 824 P.2d 1207 (1992).

Gaffney points out that the Trust did not cite specific Rules of Professional

6

Conduct (RPC) until its brief before this court. But he cites to no authority requiring the Trust to do so to survive summary judgment. The Trust's complaint and citation to Eriks was enough to preserve this issue for appeal.

Gaffney also argues that the Trust has abandoned its claims because it failed to mention them in its statement of grounds for direct review. RAP 4.2(c)(2) requires the party seeking direct review to include a "statement of each issue the party intends to present for review" in its statement. But, under RAP 12.1, this court bases its decisions on matters raised in the parties' briefs. The Trust adequately briefed this issue.

A plaintiff may use an attorney's violations of the RPCs as evidence in a claim that an attorney breached a fiduciary duty. Behnke v. Ahrens, 172 Wn. App. 281, 297, 294 P.3d 729 (2012). Disgorgement of fees is an appropriate remedy for a breach of fiduciary duties. Eriks, 118 Wn.2d at 463. An order to disgorge attorney fees does not require a showing of causation or damages by the complaining party. Behnke, 172 Wn. App. at 298.

An attorney has a concurrent conflict of interest when "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client." RPC 1.7(a)(2). The attorney may represent these clients only if "each affected client gives informed consent, confirmed in writing." RPC 1.7(b)(4). An attorney must also act "with reasonable diligence and promptness in representing a client." RPC 1.3.

Gaffney contends that the Trust cannot bring a claim of breach of fiduciary duty related to his representation in 2002 because he owed no duty to the Trust in

2002. Specifically, he argues that the Trust is alleging that he violated his duties to Susan in 2002, who is not a party to this lawsuit in her individual capacity. But, in its amended complaint, the Trust alleged that Gaffney represented all of the Trust beneficiaries when they formed the Trust, despite the conflicts of interest between the heirs and potential beneficiaries. The Trust responded to Gaffney's motion for summary judgment with declarations from an expert that Gaffney should have advised Susan and Fred III to retain independent legal counsel at the outset of the representation.

And, as Gaffney set out in his motion for summary judgment, Fred Jr.'s will named "Susan and Fred III as joint 'trustees' of his estate."[6] "In that role, Susan and Fred III hired Dorsey [& Whitney] to advise them about the administration of Fred Jr.'s estate."[7] Moreover, the Trust paid the attorney fees for that representation. Accordingly, there is at least a genuine issue of material fact whether Gaffney represented Susan as a trustee in 2002.

Gaffney also argues that the Trust's claim for disgorgement relating to the 2002 representation is time barred. The Trust brought this action in 2012, more than three years after 2002. The Trust argues that Gaffney's representation was continuous. We conclude there are genuine issues of fact on this question as well.

The statute of limitations for a breach of fiduciary duty claim is three years. RCW 4.16.080(3); Hudson v. Condon, 101 Wn. App. 866, 872-73, 6 P.3d 615 (2000). The statute of limitations begins to run when the client discovers "or in the exercise of reasonable diligence should have discovered" all the facts necessary

---

[6] CP at 50.
[7] CP at 50.

to support each element of its cause of action. Janicki Logging & Const. Co., Inc. v. Scwabe, Williamson, & Wyatt, P.C., 109 Wn. App. 655, 659-60, 37 P.3d 309 (2001). If the same attorney has continuously represented the client, in the same matter, the statute of limitations does not begin to run until the end of the representation. Janicki, 109 Wn. App. at 663-64. One factor in determining whether the attorney has continued to work on the same matter is whether the attorney could "have remedied [the] error or mitigated the damage it caused." Cawdrey v. Handson Baker Ludlow Drumheller, P.S., 129 Wn. App. 810, 820, 120 P.3d 605 (2005). Whether the representation was continuous is often a question of fact. Hipple v. McFadden, 161 Wn. App. 550, 558, 561, 255 P.3d 730 (2011).

In 2002, Gaffney created the current version of the Trust, allegedly while breaching his fiduciary duties. He advised Susan and Fred III on how to "distribute the Estate and Trust assets" as late as 2005, including specific advice on how much of the Trust principal the Trust should distribute to Susan.[8] He advised that, if Susan's distributions exceeded a certain amount, the parties, including him, "should review the facts and circumstances to determine whether Susan should repay the trust for any living expense distributions."[9]

In 2008, when concerns about Susan's trust management and spending arose, Gaffney stepped in to help Susan and Fred III sort them out. Gaffney opened a new billing matter number for his work in 2008 and 2009. Even with the new billing matter number, a reasonable person could conclude that Gaffney's work in creating the Trust was sufficiently related to his advice in how to manage

---

[8] CP at 80-82.
[9] CP at 82.

the Trust and that it would be the same matter. There are genuine issues of fact over whether Gaffney's representation was continuous.

The Trust has also provided enough evidence to raise a genuine dispute of a material fact over whether Gaffney's 2008 and 2009 representation violated his fiduciary duties to the Trust. Through a declaration from Susan's attorney in the Oregon litigation, the Trust offered evidence that Gaffney had a conflict of interest in 2008 and 2009 because he represented Fred III and Susan during the accounting and reconciliation, and that Gaffney's preparation of the reconciliation negligently stated that Susan owed the Trust over $3 million. Gaffney does not dispute that the Trust paid the firm for its work on the reconciliation and accounting. The trial court erred by granting Gaffney's summary judgment on the disgorgement claims.

## Legal Malpractice

The Trust alleges the trial court erred by dismissing its claim for legal malpractice. Gaffney argues that the Trust's malpractice claim fails because the only damages the Trust seeks are not compensable under Washington law.

To sustain a claim for legal malpractice, the plaintiff must prove:

> (1) The existence of an attorney-client relationship which gives rise
> to a duty of care on the part of the attorney to the client;
> (2) an act or omission by the attorney in breach of the duty of care;
> (3) damage to the client; and
> (4) proximate causation between the attorney's breach of the duty
> and the damage incurred.

Hizey v. Carpenter, 119 Wn.2d 251, 260-61, 830 P.2d 646 (1992). Gaffney appears to accept that there are at least genuine issues of material fact for the first two elements. Thus, our discussion focuses on damages.

10

In our state's version of the American Rule, parties are responsible for their "own litigation expenses." Colorado Structures, Inc. v. Ins. Co. of the W., 161 Wn.2d 577, 621, 167 P.3d 1125 (2007) (Alexander, C.J., concurrence/dissent). Thus, parties usually cannot recover attorney fees as "*costs or damages.*" City of Seattle v. McCready, 131 Wn.2d 266, 275, 931 P.2d 156 (1997).

But a party may seek attorney fees when authorized by a "contract, statute, or recognized ground of equity." Newport Yacht Basin Ass'n of Condo. Owners v. Supreme Nw., Inc., 168 Wn. App. 86, 97, 285 P.3d 70 (2012). One recognized ground of equity is equitable indemnification, commonly called the ABC Rule. Newport Yacht, 168 Wn. App. at 104 n.11. In LK Operating, LLC v. Collection Group, LLC, the Washington State Supreme Court recognized the ABC Rule as an exception to the American Rule in legal malpractice cases. 181 Wn.2d 117, 123-24, 330 P.3d 190 (2014).

The ABC Rule applies when an attorney (A), represents a client (B), and as a result of A's malpractice, B becomes involved in separate litigation with a third party (C). If B sues A for malpractice, B can claim as consequential damages the attorney fees B incurred in the litigation with C, but only if C was not connected to the original representation. LK Operating, 181 Wn.2d at 123.

In addition, in order for B to recover from A under this rule, A's actions must be the sole cause of the litigation between B and C.[10]    Blueberry Place

---

[10] Below, Gaffney argued that the Trust was estopped from asserting that Gaffney was the proximate cause of the Oregon litigation. On appeal, Gaffney clarifies that his position is that the Trust is estopped from claiming that his representation was the "sole" cause of the Oregon litigation. Because the Trust does not argue, even on appeal, that Gaffney's alleged misconduct was the sole cause, we do not address whether the Trust would be estopped from doing so.

Homeowners Ass'n v. Northward Homes, Inc., 126 Wn. App. 352, 358-59, 110 P.3d 1145 (2005). "[E]ven if it is possible to apportion attorneys' fees related to a particular claim, where there are additional reasons why the party seeking fees was sued, fees are not available under the theory of equitable indemnity." Blueberry Place, 126 Wn. App. at 361.

The Trust concedes that many of its claimed damages are not available under the ABC Rule and the American Rule.[11] But the Trust asks this court to reconsider the Supreme Court's holding in LK Operating. This court cannot reconsider a Supreme Court decision because Washington State Supreme Court decisions are binding on this court. Godefroy v. Reilly, 146 Wash. 257, 259, 262 P. 639 (1928).

Gaffney claims that all of the Trust's claimed damages are litigation expenses and are, therefore, subject to the American Rule. The Trust argues that, even assuming the American Rule and the ABC Rule apply, it can still recover some damages from Gaffney. The Trust contends that over $260,000 in third-party attorney fees,[12] the professional trustees' fees, and the accounting fees it paid are outside the rule. Relying on RAP 9.12, Gaffney argues that the Trust cannot make this argument on appeal because it failed to do so at the trial court level.

When reviewing orders granting summary judgment, this court will review

---

[11] As stated in its introduction, "The ABC Rule, however, appears to bar recovery of a large portion of these litigation expenses." Br. of Appellant at 2. This concession is consistent with the Trust's request to have the Supreme Court revisit its holding in LK Operating.
[12] The Multnomah County Superior Court ordered the Trust to reimburse the attorney fees incurred by Susan's children and Fred Jr's children, including Fred III's.

"only evidence and issues called to the attention of the trial court." RAP 9.12; see, e.g., Silverhawk, LLC v. KeyBank Nat'l Ass'n, 165 Wn. App. 258, 265-66, 268 P.3d 958 (2011) (declining to consider contract analysis not presented to trial court); 1519-1525 Lakeview Blvd. Condo. Ass'n v. Apartment Sales Corp., 101 Wn. App. 923, 932, 6 P.3d 74 (2000) (declining to consider argument that one party fell outside of statute's protection because it did not raise it to the trial court).

Gaffney moved for summary judgment on all of the Trust's claims, arguing that the Trust sought only attorney fees and expenses, which were not available under the ABC Rule exception to the American Rule.[13] In its response, the Trust mentioned several times that "the majority of [its] claimed damages [were] not attorney fees or costs that [it] incurred in the Multnomah County litigation," but it never articulated any basis for distinguishing between the attorney fees it incurred and attorney fees for which it had to reimburse third parties.[14] We decline to consider this distinction because the Trust did not argue it to the trial court.

Similarly, on appeal, the Trust claims that Gaffney's negligently prepared accounting and reconciliation created the need for a new accounting by Beagle Burke & Associates, and that the new accounting was not a "mere product of litigation."[15] But, again, the Trust did not raise this distinction to the trial court. We decline to consider it for the first time on appeal.

Because we conclude that the Trust did not raise a genuine issue of material fact whether it suffered legally compensable damages, we do not reach the issue

---

[13] Gaffney included all of the categories of damages in his motion.
[14] CP at 225.
[15] Br. of Appellant at 43.

of proximate cause.

We affirm in part and reverse in part, and remand to the trial court for further proceedings consistent with this opinion.

WE CONCUR:

_Trickey, ACJ_

_Cox, J._

_Becker, J._