# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| SANDRA L. FERGUSON and THE FERGUSON FIRM, PLLC,<br><br>        Appellants,<br><br>        v.<br><br>LAW OFFICE OF BRIAN J. WAID, BRIAN J. WAID and JANE DOE WAID, and their marital community.<br><br>        Respondents. | DIVISION ONE<br><br>No. 81727-2-I<br><br>UNPUBLISHED OPINION |

DWYER, J. — Attorney Sandra Ferguson appeals from an order granting summary judgment dismissal of her claims of legal negligence, breach of fiduciary duty, and Consumer Protection Act (CPA)[1] violations against attorney Brian Waid. According to Ferguson, the trial court erred in determining that all of her claims were either time barred or precluded by prior litigation. Finding no error, we affirm.

I

In May 2011, Sandra Ferguson and The Ferguson Firm PLLC (collectively Ferguson) hired Brian Waid to represent her in a fee dispute with her former co-counsel Stephen Teller. In February 2012, Ferguson became unhappy with Waid's representation and met with a legal malpractice attorney, resulting in

---

[1] Ch. 19.86 RCW.

Waid's withdrawal as her counsel.  Ferguson then engaged other counsel to represent her in her dispute with Teller.

In 2014, Ferguson filed a civil action against Waid, alleging legal negligence, breach of contract, breach of fiduciary duty, fraud, conversion, infliction of emotional distress, and violation of the CPA.  Her claims were all dismissed.[2]  After the dismissal, on December 1, 2015, Ferguson filed a second complaint (this case) against Waid in the King County Superior Court, alleging legal negligence, breach of fiduciary duty, and violation of the CPA.

While her second state action was pending, Ferguson also filed a civil action against Waid in the United States District Court for the Western District of Washington.[3]  Waid brought counterclaims therein against Ferguson for defamation and civil harassment.  Ferguson's claims were dismissed.  Waid's counterclaims proceeded to a bench trial.  At the core of the defamation claim was a review of Waid that Ferguson had posted on the attorney-rating website Avvo.com.  Ferguson's review included the following statement:

> I am an attorney. However, the opinions expressed in this review are based on my personal experience as a former client of this attorney, Brian J. Waid.  I consulted and retained Brian Waid in April 2011 regarding a contact [sic] dispute matter.  He represented me until December 10, 2012, the date he abandoned me on a false pretext while an important motion was pending.  Let me state it unequivocally: Brian J. Waid is a PREDATOR and a FRAUD.  He should be prosecuted as a white collar criminal.  However, this decision is not within my control.  But I can write this review to warn and hopefully, prevent others from becoming future victims of Attorney Waid.  I am not Waid's only victim.  I assisted one of his other clients to find capable counsel.  We have both filed civil suits

---

[2] The details of the dispute are discussed in Ferguson v. Law Office of Brian J. Waid, No. 74512-3-I (Wash. Ct. App. Apr. 15, 2019) (unpublished), https://www.courts.wa.gov/opinions/pdf/745123.pdf.

[3] Case No. C17-1685RSM, 2018 WL 6040174.

against Waid for malpractice, false and deceptive business practices, and fraud. . . . Here is what Waid did to me: (1) he failed to enforce my priority lien over the money that was in dispute; (2) he advised me to file a lawsuit instead of using a more cost-effect [sic] procedure that was available, so that he could fraudulently charge, bill and collect fees from me for his worthless legal services; (3) he concealed and failed to disclose to me that he had a conflict of interest; (4) he deposited and left $265,000 of my money in the court registry. . . he [] abandoned me, lying to the court so that he would be allowed to withdraw over my objections . . . . By similar methods, Waid's other client-victim was bilked of hundreds of thousands of dollars by Waid and his co-counsel.

Following the bench trial, the federal district court found that Ferguson's statements were false. The federal judge found that

Mr. Waid did not engage in the criminal, fraudulent, and unethical conduct of which Ms. Ferguson accuses him. Mr. Waid has not violated any Washington state criminal laws. Nor has Mr. Waid violated any applicable ethical rules that govern attorneys. Mr. Waid did not abandon Ms. Ferguson on a false pretext while an important motion was pending; he did not fraudulently charge, bill, and collect fees from Ms. Ferguson; he did not advise her to file a lawsuit instead of following a more cost effective procedure that was available; he did not conceal and fail to disclose a conflict of interest; he did not lie to the court so he could withdraw over Ms. Ferguson's objections; he did not bilk Ms. Ferguson or any other client out of hundreds of thousands of dollars.

The federal district court also concluded that, contrary to Ferguson's assertion, no conspiracy existed between Waid and anyone else. Ferguson appealed. The Ninth Circuit affirmed the judgment. Ferguson v. Waid, 798 Fed. Appx. 986 (9th Cir. 2020) (unpublished).

On February 11, 2020, Ferguson filed an amended complaint in this action, again alleging legal negligence, breach of fiduciary duty, and violation of the CPA. Waid moved for summary judgment dismissal of all of Ferguson's claims. Ferguson filed a cross-motion for partial summary judgment with regard

3

to her legal negligence claim. The trial court granted Waid's motion for summary judgment and dismissed all of Ferguson's claims, ruling that (1) Ferguson's legal negligence claim was time barred, (2) Ferguson's CPA claim, to the extent that it was based on an allegation that Waid's website was misleading, was time barred, (3) Ferguson was collaterally estopped from advancing her CPA claim based on allegations arising from matters other than the content of Waid's website, and (4) Ferguson's breach of fiduciary duty claim was barred by the doctrine of res judicata. Ferguson's motion for partial summary judgment was denied as moot.

Ferguson appeals.

II

We review cross-motions for summary judgment de novo. Martinez-Cuevas v. DeRuyter Bros. Dairy, Inc., 196 Wn.2d 506, 514, 475 P.3d 164 (2020). "Thus, we engage in the same inquiry as the trial court." Green v. Normandy Park Riviera Section Cmty. Club, Inc., 137 Wn. App. 665, 681, 151 P.3d 1038 (2007).

Summary judgment is properly granted when the pleadings, affidavits, depositions, and admissions on file demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. CR 56(c); Hutchins v. 1001 Fourth Ave. Assocs., 116 Wn.2d 217, 220, 802 P.2d 1360 (1991). All reasonable inferences from the evidence must be construed in favor of the nonmoving party. Green, 137 Wn. App. at 681 (citing Lamon v. McDonnell Douglas Corp., 91 Wn.2d 345, 349, 588 P.2d 1346 (1979)).

Moreover, we may affirm the trial court's decision based on any ground established by the pleadings and supported by the record. Verbeek Props., LLC v. GreenCo Envtl., Inc., 159 Wn. App. 82, 90, 246 P.3d 205 (2010).

III

Ferguson first contends that the trial court erred by dismissing her legal negligence claim and her CPA claim regarding Waid's website on the basis that the statutory limitation period had expired prior to her commencing this action. This is so, according to Ferguson, because she became aware of an essential fact only in late 2015. She is incorrect. Furthermore, her fiduciary duty claim was also time barred.

In Washington, the statutory limitation period applicable to a legal malpractice claim is three years, as is the period applicable to a claim of breach of fiduciary duty. RCW 4.16.080; Cawdrey v. Hanson Baker Ludlow Drumheller, P.S., 129 Wn. App. 810, 816, 120 P.3d 605 (2005). The statutory limitation period applicable to a CPA claim is four years. RCW 19.86.120. Under the discovery rule, when it is applicable, a cause of action does not begin to accrue until the plaintiff knew or should have known the essential facts which give rise to the cause of action. Green v. Am. Pharm. Co., 136 Wn.2d 87, 95, 960 P.2d 912 (1998).

The limitation period begins when the plaintiff is either aware or should have been aware of the facts underlying the claim, regardless of whether the plaintiff is aware of the particular legal cause of action. Cawdrey, 129 Wn. App. at 817. "In professional malpractice cases, the pivotal factor which tolls the

running of the statute of limitations is the absence of knowledge of injury." Richardson v. Denend, 59 Wn. App. 92, 96, 795 P.2d 1192 (1990). Notably, when a court enters a judgment adverse to a party, that party is "formally advised of the judgment of the court and, hence, receives notification of any damage which results from their attorney's representation." Richardson, 59 Wn. App. at 96. In Richardson, this court made clear that

> [w]e adopt the reasoning of the above courts and hold, as a matter of law, that upon entry of an adverse judgment at trial a client is charged with knowledge, or at least is put on notice, that his or her attorney may have committed malpractice in connection with the representation. See 32 A.L.R.4th § 7, 8. Were we to conclude otherwise and adopt the position urged by Richardson, we would be ruling that the statute of limitations is tolled until such time as a dissatisfied client obtains other legal counsel or engages in independent legal research to determine the propriety of the actions of his or her former counsel. This . . . is not the law of Washington.

59 Wn. App. at 98.

Accordingly, upon the entry of such a judgment, as a matter of law, a client possesses knowledge of all the facts which may give rise to a cause of action for negligent representation. Richardson, 59 Wn. App. at 96-97; accord Janicki Logging & Constr., Inc. v. Schwabe, Williamson & Wyatt, PC, 109 Wn. App. 655, 660, 37 P.3d 309 (2001) (knowledge of injury imputed at the time judgment entered).

A

The trial court in the Teller matter issued a decision adverse to Ferguson on January 30, 2012. Thus was Ferguson put on notice—more than three years prior to filing this action—of the facts necessary to allege a legal negligence claim

6

related to Waid's representation. Indeed, Ferguson ultimately did so, filing a lawsuit against Waid alleging negligent representation in 2014.[4],[5]

Nevertheless, Ferguson avers that it was not until 2015 that she became aware that she could enforce her lien rights without filing the Teller lawsuit. According to Ferguson, "until her attorney, Ms. Rains . . . began researching the matter in late 2015, [she] did not possess the essential facts related to Mr. Waid's breach of duty or how the breach injured her."[6] But Ferguson does not explain what essential fact she did not possess knowledge of until 2015. She was plainly aware of the advice Waid gave her in 2011, as she had personally received it. Moreover, she was concerned about the quality of his representation, given that she consulted with a malpractice attorney in February 2012. Ferguson eventually obtained replacement counsel for the underlying matter and filed a malpractice action against Waid. The existence of a different legal strategy or theory of which Ferguson was unaware until 2015 is not an essential fact that would serve to justify tolling the statutory limitation period. The trial court correctly dismissed Ferguson's legal negligence claim as being time barred.

B

Ferguson's CPA claim regarding Waid's website arose from her belief that Waid's website was misleading. Ferguson visited Waid's website prior to retaining him on May 4, 2011. According to Ferguson, by October 2011, she was

---

[4] As the trial court observed, in Ferguson's motion for partial summary judgment, she stated, "I filed this lawsuit pro se in October 2014 because the statute of limitations was about to expire on my claim of malpractice against Brian Waid."

[5] That action was dismissed prior to the filing of this action.

[6] Br. of Appellant at 20.

"upset" that Waid "erroneously disavowed [her] legal claims" and "erroneously dismissed [her] breach of contract claim."[7]  These are the only facts necessary to Ferguson's CPA claim regarding Waid's website.  Accordingly, the four year statutory limitation period applicable to CPA claims began to run in October 2011 and expired in October 2015, several weeks before Ferguson filed this complaint.[8]  The trial court properly dismissed Ferguson's CPA claim based on Waid's website as time barred.

C

Waid contends that Ferguson's breach of fiduciary duty claim is also time barred.  We agree.  Ferguson's breach of fiduciary duty claim is based on Waid's alleged acts while representing her in 2011.  Ferguson's complaint in this matter was filed more than three years later, in December 2015.  Thus, we affirm the trial court's dismissal of Ferguson's fiduciary duty claim because it is time barred.[9]

IV

Ferguson next avers that the trial court erred by dismissing the remainder of her CPA cause of action.  This is so, Ferguson argues, because her claims

---

[7] Decl. of Sandra L. Ferguson in Support of Opposition to Motion in Limine.

[8] In her reply brief, Ferguson contends Waid is judicially estopped from asserting that her CPA claim is time barred.  This is so, she avers, because Waid's filing asserts that save her CPA claim, all of Ferguson's claims are barred by a statute of limitation. However, the language she refers to in Waid's prior filing does not state that Ferguson's CPA claim was not time barred. Waid does not contend that Ferguson's CPA violation claim based on allegations other than those related to Waid's website are time barred.  Accordingly, Waid did not admit that Ferguson's allegations relating to his website were not time barred at the time that Ferguson filed her December 1, 2015 complaint.

[9] Accordingly, we need not address whether the trial court was correct in concluding that Ferguson's fiduciary duty claim was also barred by res judicata.

were not collaterally estopped by the judgment in the federal lawsuit. We disagree.

"Collateral estoppel, or issue preclusion, bars relitigation of particular *issues* decided in a prior proceeding." Weaver v. City of Everett, 194 Wn.2d 464, 473, 450 P.3d 177 (2019). The doctrine of collateral estoppel applies when the following four factors are present: "(1) identical issues; (2) a final judgment on the merits; (3) the party against whom the plea is asserted must have been a party to or in privity with a party to the prior adjudication; and (4) application of the doctrine must not work an injustice on the party against whom the doctrine is to be applied." Malland v. Dep't of Ret. Sys., 103 Wn.2d 484, 489, 694 P.2d 16 (1985).

Following a bench trial in which Waid prevailed on a defamation counterclaim against Ferguson, the federal district court found the following:

> Mr. Waid did not engage in the criminal, fraudulent, and unethical conduct of which Ms. Ferguson accuses him. Mr. Waid has not violated any Washington state criminal laws. Nor has Mr. Waid violated any applicable ethical rules that govern attorneys. Mr. Waid did not abandon Ms. Ferguson on a false pretext while an important motion was pending; he did not fraudulently charge, bill, and collect fees from Ms. Ferguson; he did not advise her to file a lawsuit instead of following a more cost effective procedure that was available; he did not conceal and fail to disclose a conflict of interest; he did not lie to the court so he could withdraw over Ms. Ferguson's objections; he did not bilk Ms. Ferguson or any other client out of hundreds of thousands of dollars.

Ferguson asserts that the federal court's judgment "does not embody the issues related to Ms. Ferguson's CPA claim against Mr. Waid in this case."[10] This is so, Ferguson avers, because it addressed Waid's defamation claim

---

[10] Br. of Appellant at 42.

against her regarding a review that she wrote on the website Avvo.com, rather than her CPA claim against Waid. However, Ferguson's defamatory Avvo.com review was nearly identical to the allegations she makes in support of her CPA claim. Therefore, because truth is a defense to defamation (thus requiring the federal trial court to review and decide identical issues—namely, whether Waid conspired with other attorneys and whether Waid brought meritless claims and used inappropriate litigation tactics to needlessly drive up billing), the issues are the same. The federal lawsuit did, in fact, "embody the issues related to Ms. Ferguson's CPA claim." And the federal court resolved those issues when it determined that Waid did not engage in the nefarious practices asserted. That the ultimate cause of action for which the issues were resolved was not identical is of no consequence—Ferguson may not relitigate her claims that Waid conspired with other attorneys or used inappropriate litigation tactics to fraudulently bill her. See, e.g., Thompson v. Dep't of Licensing, 138 Wn.2d 783, 800, 982 P.2d 601 (1999) (collateral estoppel applies to a ruling made in a criminal trial in a subsequent administrative proceeding involving the same facts).

Finally, Ferguson argues that application of collateral estoppel would work an injustice on her because, as the defendant to Waid's counterclaims in the federal district court, she lacked sufficient motivation to vigorously litigate the crucial issues in the first forum. In her briefing, Ferguson asks, "What incentive does a party, who stands to recover nothing if they are successful, have to litigate a case?"[11] The answer is obvious. Such a party is incentivized by the

---

[11] Br. of Appellant at 49.

10

possibility of avoiding loss. In the federal case, Waid was awarded monetary damages amounting to $50,000.[12] Furthermore, Ferguson did indeed vigorously litigate the federal case, including prosecuting an appeal to the Ninth Circuit. There is no injustice in preventing Ferguson from relitigating the same issues yet again.[13]

Affirmed.

_____
Dwyer, J.

WE CONCUR:

_____          _____
Appelwick, J.

---

[12] Ferguson also argues that there is a disparity in size of monetary award because her claim is for $3,000,000 in money damages. Her purported damages, however, are not evidenced in the record.

[13] Ferguson also contends, without sufficient explanation, that the priority of action rule precludes application of collateral estoppel. The priority of action rule is not applicable here. It has no impact on the validity of the federal district court's decisions or judgment.